Case 1:20-cv-06352-MKB   Document 9   Filed 04/27/21   Page 1 of 7 PageID #: 45

Clerk's Office
Filed Date:

4/27/2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF
NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

SAVINO BRAXTON,

                            Petitioner,                    **MEMORANDUM & ORDER**
                                                                                         20-CV-6352 (MKB)

                            v.

WARDEN H. TELLEZ, BENCIBLE, *Case Manager*, and ALAMO, *Counsel*, *in their individual and official capacities*,

                            Respondents.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Petitioner Savino Braxton, proceeding *pro se* and currently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania ("USP Lewisburg"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 16, 2020, challenging the conditions of his confinement at the Metropolitan Detention Center (the "MDC") in Brooklyn, New York. (Pet., Docket Entry No. 1.) On March 24, 2021, Respondents requested that the Court transfer the petition to the district where Petitioner is currently confined. (Letter dated Mar. 24, 2021, Docket Entry No. 7.)

       For the reasons discussed below, the Court dismisses the petition without prejudice for lack of jurisdiction.

**I.   Background**

       In February of 2013, Petitioner pleaded guilty to possession of heroin with the intent to distribute before Judge Richard D. Bennett of the District of Maryland and was sentenced to twenty years of imprisonment. *United States v. Braxton*, No. 09-CR-478, 2020 WL 4748536, at *1 (D. Md. Aug. 17, 2020). On August 11, 2020, Judge James K. Bredar of the District of

Maryland granted in part Petitioner's motion for compassionate release due to the COVID-19 pandemic, reducing his sentence from twenty years to fourteen. *Id.* at *5. Judge Bredar noted, among other facts, that Petitioner had contracted COVID-19 at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). *Id.* at *1.

On October 19, 2020, Petitioner was sent from FCI Danbury with an intended destination of USP Lewisburg. (Pet. 5.) He was transferred to the MDC *en route* to USP Lewisburg, and remained at the MDC for an extended period of time while awaiting transfer. (*Id.*) Petitioner alleges that he was confined in substandard conditions and exposed to COVID-19 at the MDC. (*Id.* at 6.) On October 19, 2020, the Bureau of Prisons (the "BOP") transported Petitioner with other inmates, placed him in a group with pre-trial detainees, then moved him to quarantine with the group after two unidentified inmates tested positive for COVID-19. (*Id.*) An officer declined to identify who tested positive. (*Id.*) On November 12, 2020, Plaintiff was released from quarantine. (*Id.*)

While in quarantine, Petitioner wrote the warden and asked for home confinement but received no response. (*Id.*) On November 17, 2020, Petitioner again wrote the warden through Trulincs asking for home confinement and again received no response. (*Id.* at 7.)

On December 4, 2020, "the entire [] MDC" was placed in quarantine due to the spread of COVID-19 in the facility. (*Id.*) As of December 6, 2020, the date of his petition, Petitioner had not seen a doctor, counselor, or case manager, had only been issued one change of clothing, and had experienced unsanitary, crowded conditions. (*Id.* at 7–8.) He had only been able to visit the commissary twice to buy necessary toiletries. (*Id.*) Petitioner also contends that "mas[k]-wearing is not mandated," units are not swept or mopped daily, and inmates receive insufficient soap. (*Id.* at 8.) Inmates can only wash their clothing once a week and "are forced to pay

another inmate in the housing units to [wash] their belonging[s,] which some inmates cannot afford to pay," the facility is kept at an excessively cold temperature, and counselors and case managers "are 'never' available." (*Id.* at 14.) Petitioner alleges that his age and pre-existing chronic health conditions place him at heightened risk should he contract COVID-19 again. (*Id.* at 8.)

Petitioner contends that (1) the BOP exhibited "deliberate indifference" by moving him into detention with people "who ha[d] just been detained off the street" where COVID-19 was surging, (2) his lengthy detention at the MDC rendered him no longer eligible for a substance abuse program that would have further reduced his sentence, (3) the unsanitary conditions at the MDC and the facts noted above violate "[his] constitutional rights," so he is "in custody in violation of the Constitution and laws of the United States," and (4) Respondents violated his due process rights by not responding to his requests for home confinement. (*Id.* at 8–9.) Petitioner requests relief consisting of: (1) the Court's assumption of subject matter jurisdiction "over the current 2241 petition," (2) the appointment of counsel, (3) a "temporary restraining order, preliminary injunction, [and/or] habeas corpus relief," (4) either a reduction of his sentence to time served or an order directing the warden "to strongly consider" granting Petitioner home confinement, and (5) a court order as to conditions at the MDC, directing that the facility (a) order counselors and case managers "to be more transparent" to fulfill inmates' needs, (b) issue more soap and hand sanitizer, (c) keep the facility at a more appropriate temperature, and (d) wash all inmates' clothing and linen free of charge every week. (*Id.* at 11, 15.)

3

Plaintiff has since been transferred from the MDC and is now incarcerated at USP Lewisburg.[1]

On March 24, 2021, Respondents requested that the Court transfer the petition to the Middle District of Pennsylvania because Plaintiff is now incarcerated at USP Lewisburg.[2] (Letter dated Mar. 24, 2021.)

## II. Discussion

"Article III of the Constitution limits [federal courts'] subject-matter jurisdiction to 'disputes involving "live cases and controversies."'" *Ciaprazi v. Jacobson*, 719 F. App'x 86, 87 (2d Cir. 2018) (quoting *County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010)). "A case is deemed moot where the problem sought to be remedied has ceased, and where there is no reasonable expectation that the wrong will be repeated." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018) (quoting *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (per curiam)). "It is settled in [the Second] Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins*, 76 F.3d at 506 (citing *Young v. Coughlin*, 866 F.2d 567, 568 n.1 (2d Cir. 1989)); *Ciaprazi*, 719 F. App'x at 87 ("A prisoner's release moots an action seeking injunctive relief against the prison, but not an action seeking damages." (citing *Prins*, 76 F.3d at 506)).

The Court lacks jurisdiction over the motion because it is moot. Petitioner filed the instant section 2241 habeas petition while he was incarcerated at the MDC and sought injunctive

---

[1] *See Find an Inmate*, BOP.Gov, https://www.bop.gov/inmateloc/ (enter "Savino Braxton" under the "Name" tab).

[2] On April 13, 2021, Petitioner filed a letter noting that Respondents had missed their deadline to respond to the Court's Order to Show Cause and requested judgment in his favor. (Letter dated Apr. 13, 2021, Docket Entry No. 8.)

relief in the form of an order addressing conditions at the MDC, releasing him to home confinement, or directing the warden to consider his request for home confinement. (Pet. 1.) Petitioner properly brought his petition in this Court when it was filed. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a [section] 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *United States v. Smalling*, 644 F. App'x 3, 5 (2d Cir. 2016) (same (citing *Rumsfeld*, 542 U.S. at 447)); *Jabarah v. Garcia*, No. 08-CV-3592, 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) ("The proper venue to bring a [section] 2241 challenge is the district of confinement." (citing *Santulli v. United States*, 02-CV-8664, 2003 WL 21488084, at *2 (S.D.N.Y. June 25, 2003))). However, after Petitioner filed his section 2241 petition, he was moved to USP Lewisburg, which is located in the Middle District of Pennsylvania. (Letter dated Mar. 24, 2021.) Accordingly, Petitioner's claim for injunctive relief against the MDC or its personnel is moot, and the Court therefore dismisses the claim without prejudice for lack of jurisdiction. *See Hill v. Zenk*, 115 F. App'x 97 (2d Cir. 2004) ("Because [the petitioner] brought his action for relief against the warden of a facility in which he concedes he is no longer incarcerated, his petition for relief is moot." (citing *Prins*, 76 F.3d at 506)); *Gunn v. McNeil*, No. 19-CV-11821, 2020 WL 7647422, at *8 (S.D.N.Y. Dec. 23, 2020) (finding the plaintiff's request for injunctive relief moot because the plaintiff was no longer an inmate at the New York facility (citing *Prins*, 76 F.3d at 506)); *Betancourt v. United States*, No. 20-CV-3390, 2020 WL 7321376, at *2 (E.D.N.Y. Dec. 11, 2020) (dismissing section 2241 petition because the petitioner had been transferred from the MDC and advising the petitioner that "he may re-file his petition in the United States [d]istrict [c]ourt where he is currently confined"); *Razzoli v. Strada*, No. 10-CV-4802, 2013 WL 837277, at *2 (E.D.N.Y. Mar. 6, 2013) ("[The petitioner] . . .

5

challenges the conditions of and circumstances surrounding his confinement . . . at MDC. As he is no longer detained at MDC, the petition is moot. As such, the request for a hearing is denied."); *Harrison v. Terrel*, No. 11-CV-3974, 2012 WL 3780328, at *2 (E.D.N.Y. Aug. 31, 2012) ("[O]nce [the] [p]etitioner was transferred from MDC . . . to FCI Otisville, his [s]ection 2241 claim against MDC . . . became moot, as he was no longer confined at that facility and its warden no longer had custody over him."); *O'Brien v. Terrell*, No. 10-CV-3042, 2012 WL 2394809, at *2 (E.D.N.Y. June 25, 2012) (finding section 2241 habeas petition challenging conditions of confinement at MDC moot when the petitioner was transferred to home confinement).[3]

---

[3] To the extent Petitioner's filing can be construed as a motion for further reduction of his sentence pursuant to 18 U.S.C. § 3582, it is dismissed without prejudice. Petitioner must direct such motions to the court that sentenced him. *See Betancourt v. United States*, No. 20-CV-3390, 2020 WL 7321376, at *2 (E.D.N.Y. Dec. 11, 2020) (quoting *United States v. Arrango*, 291 F.3d 170, 171 (2d Cir. 2002)).

### III. Conclusion

For the foregoing reasons, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith and, therefore, denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment, mail a copy of this Memorandum and Order to Petitioner at his address of record, and close this case.

Dated: April 26, 2021
      Brooklyn, New York

                                    SO ORDERED:

                                    _____s/ MKB_____
                                    MARGO K. BRODIE
                                    United States District Judge